J. W. WILSON & Co. *v.* A. F. WHITMAN and others.

April Term, 1875.

EXECUTOR — POWER TO CONTRACT FOR REPAIRS OF REALTY. — An executor, under a will which gives him no power in relation to lands devised to the testator's widow and children, can make no contract for the repair of a building on the land which will bind the estate or the infant devisees.

SAME — LIMITATION OF ACTIONS. — If the executor makes a contract for the repair of realty devised, with the knowledge and acquiesence of an adult devisee, an action against the devisee will be barred in six years from the completion of the work; and this, though the mechanic may have received from the executor, as collateral security, notes on third persons, the litigation on which had only recently terminated, the evidence showing that such notes fell due more than six years before suit brought, and that the mechanic agreed to wait for payment until these notes fell due, and no longer.

*Rice & Ewing*, for complainants.
*A. F. Whitman*, for administrator.
*N. S. Brown*, for widow and heirs.

THE CHANCELLOR : — Bill filed January 30, 1874, against the administrator *de bonis non* and the widow and children of J. Litton Bostick, deceased, to have a claim of the complainants, for putting on a tin roof upon a house belonging to the estate of the deceased, declared a debt against the estate, or against the widow and children, and paid out of the proceeds of the sale of the house and lot, for the sale of which separate bills have been filed by the administrator *de bonis non,* and by the widow and children.

J. Litton Bostick died in 1864, having made a will, by which he devises his property, after the payment of debts, to his wife and children.    Thomas H. Bostick was appointed and qualified as administrator, with the will annexed, of his estate.    On May 23, 1866, he made a contract with the complainants for the work in controversy, and notified the widow, then in the state of Mississippi, of the fact by letter.    By this contract it was agreed that the work was to be paid for out of the rents of the realty.    It does not appear, nor is it insisted, that he had any authority under J. Litton Bostick's will over the real estate devised therein, or that he had any authority over the estate of the deceased, other than such as was vested in him by law, by virtue of his letters of administration.

The contract having been made with the personal representative after the death of the testator, and without any authority given by the will, it is clear that the complainants' claim is not a debt against the testator, or one for which the personal assets which might come to the hands of the personal representative, to be administered, would be bound.  If the heirs or devisees to whom the realty belonged authorized the contract, or could be held liable for the value of the work done, their interest in the surplus personal assets after the payment of the debts of the estate, if there were any surplus, might be reached by proper proceedings ; but the administrator, as such, and the estate he represented, would not be bound.    The administrator has

nothing to do, *virtute officii*, with the real estate, except to subject it, in case of the insolvency of the personalty, and in the mode prescribed by law, to the satisfaction of the decedent's debts. It is obvious, therefore, that the complainants have no ground of action whatever against A. F. Whitman, administrator *de bonis non* of J. Litton Bostick, deceased, and the bill must be dismissed as to him.

Thomas H. Bostick is dead, and his personal representative is not before the court. The liability of his estate is, therefore, not in question.

The children of J. Litton Bostick were of tender years at their father's death, and are still infants. It is not pretended that Thomas H. Bostick had any authority to make a contract for them, or bind their interest in their father's realty by any thing he might do. . The complainants do not show any cause of action against them.

The only other defendant is the widow of J. Litton Bostick. She states, in her answer, that she was a resident citizen of the state of Mississippi when the contract between complainants and Thomas H. Bostick was made, and that she was notified by the said Thomas H. of the making thereof. She denies that she made any contract, and she insists that she is not bound by the one made. There is nothing to connect her with it except the notification as aforesaid. ` The notice and acquiescence—for she does not claim to have repudiated the contract—would probably have sustained an action against her if it had been brought in time. But she pleads and relies on the bar of the statute of limitations of six years; and, as the contract was made on May 23, 1866, and the work done during that year, the claim is *primâ facie* barred. To obviate this objection, it is said that complainants took, as collateral security, from Thomas H. Bostick, two notes of George Shields & Co., payable to him, and that the running of the statute of limitations was suspended until the termination of the litigation commenced for the collection thereof. But

these notes, as the proof shows, fell due in 1866, and judgments were recovered upon them early in 1867. And complainant Wilson, in his deposition, tells us expressly that he agreed to wait for payment of his debt until these notes fell due, and " did not agree to wait any longer," and that the subsequent litigation was carried on by Bostick, not by his firm. The evidence of the lawyers who conducted the litigation is to the same effect. The claim is, consequently, barred by the statute of limitations. The bill must be dismissed, with costs.